# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 10-1084
### C/W 10-1083

**JOHN HAAS WEINSTEIN**

**VERSUS**

**LINDA ALLEN WEINSTEIN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-0744
HONORABLE ELLIS DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**REVERSED IN PART AND AFFIRMED IN PART.**

**Amy, J., concurs in part, dissents in part, and assigns reasons.**
**Genovese, J., dissents in part, and assigns written reasons.**

**Christine M. Mire**
**202 W. Main Street**
**Lafayette, LA 70501**
**Counsel for Defendant/Appellant:**
    **Linda Allen Weinstein**

**David L. Carriere**
**322 South Market Street**
**Opelousas, LA 70570**
**Counsel for Plaintiff/Appellee:**
    **John Haas Weinstein**

**PAINTER, Judge**.

For the reasons set forth in the companion case hereto, *Weinstein v. Weinstein*, 10-1083 (La.App. 3 Cir. __/__/11), ___ So.3d. ___, this matter is reversed in part and affirmed in part.

**REVERSED IN PART AND AFFIRMED IN PART.**

1

NUMBER 10-1083

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

JOHN HAAS WEINSTEIN

VERSUS

LINDA ALLEN WEINSTEIN

CONSOLIDATED WITH

NUMBER 10-1084

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

JOHN HAAS WEINSTEIN

VERSUS

LINDA ALLEN WEINSTEIN

AMY, J., concurring in part, dissenting in part.

I respectfully dissent from that portion of the majority opinion reversing the trial court's determination that the August 7, 1997 order purportedly establishing a community property regime was invalid. It is clear that the parties failed to satisfy the requirements necessary to create a matrimonial agreement pursuant to La.Civ.Code art. 2331. In my opinion, the deficient attempt to create a community property regime was a nullity. Therefore, I would affirm the trial court's decision in this regard.

In all other aspects of the opinion, I concur in the majority's decision.

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1083 consolidated with 10-1084

JOHN HAAS WEINSTEIN

VERSUS

LINDA ALLEN WEINSTEIN

**GENOVESE, J., dissents in part and assigns the following reasons.**

The trial court found that the August 7, 1997 order establishing a community property regime between John and Linda Weinstein was invalid and granted John's motion for involuntary dismissal. On appeal, the majority reverses the trial court's grant of John's motion for involuntary dismissal, finding "a bilateral contract embodying the mutual consent of the parties" thereby resulting in a "consent judgment." I disagree.

Louisiana Civil Code Article 2331 states as follows: "A matrimonial agreement may be executed by the spouses before or during marriage. It shall be made by authentic act or by an act under private signature duly acknowledged by the spouses." It is unrefuted that this statute (with its mandatory language) was not complied with. The alleged matrimonial agreement is invalid because it was only signed by one witness in contravention of La.Civ.Code art. 2331. There is nothing in the record evidencing a "consent judgment." Any suggested "bilateral contract" is without merit because the legal requirements of the statute were not met.

Compliance with La.Civ.Code art. 2331 is mandatory and cannot be assumed. The trial court correctly granted the dismissal of Linda's claim of a community property regime, finding that an attempted re-establishment of the community property regime was legally invalid as "it didn't follow the formalities of law." I fully

agree with the trial court. To decide otherwise is to neuter La.Civ.Code art. 2331 and to render its requirements meaningless. I would affirm the trial court's judgment in its entirety.